# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Sunil Nayyar, | : | |
| | : | Case No. 2:12-cv-00189 |
| Plaintiff, | : | |
| | : | Judge Marbley |
| v. | : | |
| | : | Magistrate Judge King |
| Mt. Carmel Health System, *et al.* | : | |
| | : | |
| Defendants. | : | |

## **PLAINTIFF'S MOTION TO COMPEL**

Now Comes Plaintiff Sunil Nayyar, by and through counsel, and pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, respectfully requests this Court to compel Defendant Mount Carmel Health System to answer Plaintiff's First Set of Interrogatories and Requests for Production of Documents and to require Defendants to permit the deposition of persons identified in interrogatories and documents produced as a result of an order to compel.

Furthermore, Plaintiff requests that this Court issue sanctions against Defendant. The reasons for this Motion are more fully set forth in the memorandum below.

                  Respectfully submitted,

                  /s/ M. Nikol Madison_____
                  William W. Patmon III, Esq. (0062204)
                  M. Nikol Madison, Esq. (0084137)
                  The Patmon Law Firm
                  88 East Broad Street, Suite 2070
                  Columbus, Ohio 43215
                  Phone: (614) 824-4193
                  Facsimile: (614) 448-4393
                  wpatmon@patmonlaw.com
                  mmadison@patmonlaw.com
                  *Counsel for Plaintiff*

**MEMORANDUM**

I. **INTRODUCTION AND BACKGROUND FACTS**

Plaintiff's First Set of Interrogatories and Requests for Production of Documents was served upon Defendant Mount Carmel Health System on August 18, 2012. Defendant's responses were due on or before September 18, 2012. On September 20, 2012, Defendant's counsel requested and was granted an extension of one week to respond to Plaintiff's discovery requests. (Exhibit 1). On September 27, 2012, two (2) days past the extended deadline, Defendant's counsel requested an extension of an additional four (4) days to provide responses. (Exhibit 2). On October 1, 2012, Defendant's counsel requested an additional two (2) days to respond to Plaintiff's discovery requests. (Exhibit 3).

On October 1, 2012, Defendant served Plaintiff with Defendant Mount Carmel Health System's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. After an extension of nearly two (2) weeks past the original deadline, of Plaintiff's thirty-one (31) discovery requests, Defendant did not provide one (1) substantive response. On October 3, 2012, Plaintiff's counsel sent Defendant's counsel a letter addressing Defendant's objections to each of Plaintiff's discovery requests and informing counsel that if substantive responses were not received by October 10, 2012, Plaintiff's counsel would file a motion to compel. (Exhibit 4).

On October 10, 2012, Defendant's counsel requested an additional week to provide substantive responses to Plaintiff's discovery requests. (Exhibit 5). Plaintiff's counsel informed Defendant's counsel that counsel would allow an additional week, provided that Defendant provided all of the requested information and agreed to extend the discovery period by two (2) weeks so that Plaintiff's counsel would have time to review and address Defendant's responses

as needed and to take depositions. (Exhibit 6). On October 30, 2012, after not hearing from Defendant's counsel since the October 10, 2012 correspondence, Plaintiff's counsel again requested Defendant's discovery responses. (Exhibit 7).

On November 21, 2012, Defendant's counsel and Mr. Patmon had a telephone conference wherein the parties reached agreement to permit certain depositions. However, Defendant's counsel emphasized that no further depositions would go forward as to anyone discovered by Plaintiff during the course of deposition.

## II. ARGUMENT

### A. Plaintiff's Discovery Requests Comply with Federal Rule 26(b)(1).

All information requested by Plaintiff's discovery was relevant to Plaintiff's claims against Defendant. One of Plaintiff's claims states that Defendant disseminated confidential, false information about Plaintiff directly from his private personnel records and files to the public. Plaintiff requested identification of Defendant's staff and employees who were involved in the release of Plaintiff's information, as well as other information and documentation regarding Defendant's policies and procedures and history of releasing employment information. The information is certainly relevant to this claim and Plaintiff has no other means of obtaining this information than by written discovery responses and deposition. Plaintiff cannot take the deposition of persons involved to determine if a breach of contract occurred because Defendant will not reveal the names of such persons.

Defendant's objection on privilege grounds is without merit. The fact that Defendant believes such persons possess privileged information does not preclude the simple identification of the prospective witness. Further, Defendant may not merely state a ground without stating the specific basis for the privilege and/or producing a privilege log.

Plaintiff requested information and documentation relevant to his claim that Defendant Weiss's participation in his termination was a conflict of interest and was contrary to ACGME requirements. Several of Plaintiff's discovery requests sought information and documentation relevant to his claims regarding Defendant's failure to comply with Defendant's employee handbook as well as ACGME requirements. Plaintiff also requested information and documentation relevant to his claim that Defendant conspired to terminate Jonathan Borders to defeat Plaintiff's discrimination cause of action. These requests are certainly relevant and are not privileged.

Plaintiff's remaining discovery requests are relevant to his whistle-blowing claim and are likewise relevant.

Because of Defendant's failure to respond to Plaintiff's discovery requests, Plaintiff was and is unable to identify the appropriate deposition witnesses or secure existing evidence to support his claims. Plaintiff is concerned that Defendant's baseless objection and non-production, along with the delays during the short discovery period has and is causing irreparable harm to Plaintiff's ability to pursue his claims in the second lawsuit.

    **B.**     **Defendant Has Failed to State The Specific Grounds for Assertion of a Privilege As A Basis for Nonproduction.**

Federal Rule of Civil Procedure 26(b)(5) expressly requires a party asserting privilege as a basis for nonproduction to describe the nature of the information not produced in a manner that will enable other parties to <u>assess</u> the claim of privilege. (Emphasis added). Defendant claimed privilege as a basis for nonproduction of several of Plaintiff's discovery requests. However, Defendant fails to provide any descriptions of the nature of the information not produced so that Plaintiff may assess the privilege claim. Defendant, while appearing cooperative, has unfairly prejudiced Plaintiff insofar as Plaintiff does not have ample time to depose persons who possess

4

information that is discoverable. For instance, a deponent may have some privileged information, while not all of the information in their possession is privileged. Due to Defendant's failure to comply with the discovery rules, Plaintiff does not have the names of the possible deponents and thus cannot depose them, and cannot challenge the privilege assertion.

### C. The Discovery Sought By Plaintiff Is Needed To Oppose Summary Judgment.

The discovery sought is needed to prove Defendant breached the contract when Plaintiff's private, confidential personnel information was released to the public, as well as other claims for relief in this action. To date, Plaintiff has not been provided with one shred of cognizable, responsive discovery in order to oppose summary judgment as to the claims in the second lawsuit.

### III. CONCLUSION

Plaintiff's counsel has made several attempts to obtain Defendant's responses to discovery without seeking the Court's intervention. However, despite all attempts, as of the date of this Motion, Defendant has provided no substantive responses to any of Plaintiff's discovery requests. Deadlines in this case are fast approaching, and Plaintiff is now at a grave disadvantage. Plaintiff requests that the Court intervene by compelling Defendant to respond by providing the following relief:

(a) Ordering Defendant to identify all persons who possess responsive information;

(b) Ordering Defendant to produce a privilege log stating the basis for assertion of the privilege as to all identified persons and documents that are not produced on privilege grounds;

(c) Ordering Defendant to permit the deposition of the those persons identified in written discovery as a result of an order to compel;

(d)    Ordering Defendant to produce additional information identified by Plaintiff reasonably derived from responses obtained as a result of an order to compel; and

(e)    Ordering Defendant to pay attorney fees corresponding to the preparation of Plaintiff's Motion to Compel.

>Respectfully submitted,
>
>/s/ M. Nikol Madison_____
>William W. Patmon III, Esq. (0062204)
>M. Nikol Madison, Esq. (0084137)
>The Patmon Law Firm
>88 East Broad Street, Suite 2070
>Columbus, Ohio 43215
>Phone: (614) 824-4193
>Facsimile: (614) 448-4393
>wpatmon@patmonlaw.com
>mmadison@patmonlaw.com
>*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing was served this 29th day of November, 2012, via electronic mail, upon all counsel registered with this Court's electronic service.

>/s/ M. Nikol Madison_____
>William W. Patmon III, Esq. (0062204)
>M. Nikol Madison, Esq. (0084137)