IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SUNIL NAYYAR,**

    Plaintiff,

    vs.                                      Civil Action 2:12-cv-189
                                              Judge Marbley
                                              Magistrate Judge King

**MOUNT CARMEL HEALTH SYSTEM,**
*et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on *Plaintiff's Motion to File Second Amended Complaint*, Doc. No. 29 ("*Motion to Amend*"). For the reasons that follow, the *Motion to Amend* is **GRANTED**.

**I.    PROCEDURAL HISTORY**

On November 24, 2009, plaintiff filed an original action in the Franklin County Court of Common Pleas, Case No. 09-CV-017576, against Mount Carmel Health System ("Mount Carmel") and two individual doctors. *Notice of Removal*, Doc. No. 1, filed in *Nayyar v. Mount Carmel Health* System, *et al.*, Case No. 2:10-cv-135. After plaintiff amended the complaint to add federal claims, defendants removed the action to this Court on February 16, 2010. *Id.*; *Complaint*, Doc. No. 3, filed in Case No. 2:10-cv-135 (hereafter, "Nayyar I"). Nayyar I, an employment action, alleged that plaintiff had been unlawfully terminated from Mount Carmel's medical residency program on account of his race and national origin and in retaliation for his advocacy

1

regarding patient safety.  *Complaint*, filed in Nayyar I.  Plaintiff asserted claims under O.R.C. §§ 4112.01, .02, Ohio's public policy and Ohio's Whistleblower Statute; plaintiff also asserted claims of emotional distress, denial of contractual due process and spoliation of evidence.  *Id*.  Plaintiff also asserted federal claims under 42 U.S.C. § 1981 and the Medicare Act, 42 U.S.C. § 1320c-5.  *Id*.

On July 23, 2010, this Court granted plaintiff leave to file a second amended complaint in that action.  *Order*, Doc. No. 32, filed in Nayyar I.  That amended complaint contained a section entitled **"ADDITIONAL ALLEGATIONS REGARDING ACGME [Accreditation Council for Graduate Medical Education] WORK HOUR LIMITATION AND BILLAB[L]E SERVICES VIOLATIONS AND FEDERAL MEDICARE GRADUATE MEDICAL EDUCATION REGULATION VIOLATIONS."**  *Second Amended Complaint*, Doc. No. 33, ¶¶ 58-88, filed in Nayyar I.  This section provided factual background, including, *inter alia*, the allegation that ACGME accreditation requirements place work hour limits on residents' work schedules and hours.  *Id*. at ¶¶ 58-64.  According to plaintiff, Mount Carmel had been placed on probation for ACGME violations that occurred in the Mount Carmel residency program and that Mount Carmel intimidated plaintiff and other residents to violate ACGME rules and regulations.  *Id*. at ¶¶ 65-72.  In July 2009, Mount Carmel began investigating plaintiff's placement of an A-line in a patient's arm, which plaintiff alleges occurred without adequate supervision during plaintiff's rest period, in violation of ACGME regulations.  *Id*. at 73-81.

Discovery in Nayyar I closed on December 15, 2011.  *Order*, Doc. No. 55; *Opinion and Order*, Doc. No. 73 (denying plaintiff leave to

2

conduct additional discovery), filed in Nayyar I.  On December 15, 2011, defendants moved for summary judgment, which plaintiff opposed.  Doc. Nos. 64, 74, respectively, filed in Nayyar I.

Approximately two months later, after briefing on the motion for summary judgment in Nayyar I was complete, Doc. No. 77, plaintiff filed a new action against Mount Carmel and three individual doctors in the Franklin County Court of Common Pleas, Case No. 12-CV-001879.  *Notice of Removal*, Doc. No. 1, filed in this Court, Case No. 2:12-cv-189 ("Nayyar II").  As factual background for his claims, plaintiff alleged, *inter alia*, that Mount Carmel is accredited by the ACGME and "agrees to the terms and conditions of the accreditation which includes complying with regulations and principles of the ACGME."  *Complaint*, Doc. No. 3, ¶ 12, filed in Nayyar II.[1]  According to plaintiff, his employment contract with Mount Carmel, which commenced in July 2009, required that Mount Carmel comply with hospital policies and procedures contained in a manual ("MCW Manual") and in a physician handbook ("MCW Handbook").  *Id*. at ¶¶ 15-21.  Plaintiff further alleged that, from July through August 2009, Mount Carmel violated the MCW Manual and ACGME institutional requirements.  *Id*. at ¶¶ 22-26.  Nayyar II asserts claims of breach of contract, promissory estoppel, fraudulent misrepresentation and discrimination.  *Id*. at ¶¶ 61-79.  In particular, as to his breach of contract claim, plaintiff alleged that when he entered into his contract in 2009, defendants agreed to comply

---

[1] The parties refer to this complaint as an amended complaint and the *Motion to Amend* seeks leave to file a "Second Amended Complaint."  This Court's docket in Nayyar II, however, reflects only an initial complaint.  *See* Doc. No. 3.  Therefore, and notwithstanding the parties' references, the Court will refer to the operative complaint as the *Complaint*.

3

with ACGME and Mount Carmel's own policies and procedures, but that defendants acted in breach of that contract. *Id*. at ¶¶ 61-66.

Defendants removed Nayyar II to this Court on March 1, 2012. *Id*. On April 23, 2012, the Court ordered that, *inter alia*, motions for leave to amend the pleadings be filed in this action no later than May 31, 2012. *Preliminary Pretrial Order*, Doc. No. 11, p. 2, filed in Nayyar II. The Court thereafter set November 30, 2012 as the date for completing discovery and March 1, 2013 as the date for filing dispositive motions. *Order*, Doc. No. 25, p. 1, and *Order*, Doc. No. 33, filed in Nayyar II.[2] A final pretrial conference is currently scheduled for May 31, 2013 and trial is scheduled to begin on June 10, 2013. *Order Setting Trial Date and Settlement Conference*, Doc. No. 34, filed in Nayyar II.

Plaintiff's *Motion to Amend* was filed on October 4, 2012, *i.e.*, more than four (4) months after the date by which such motions were to have been filed. *See Preliminary Pretrial* Order, p. 2, filed in Nayyar II. Defendants have filed a response to the motion. Defendants' *Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint*, Doc. No. 30 ("*Response in Opposition*"), filed in Nayyar II. Plaintiff has not filed a reply.

**II. STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so

---

[2] The Court consolidated Nayyar I and Nayyar II. *Order*, Doc. No. 21, filed in Nayyar II. The motion for summary judgment filed in Nayyar I was withdrawn, and defendants were granted leave to file a motion for summary judgment in Nayyar II. *Order*, Doc. No. 23, filed in Nayyar II. As noted *supra*, motions for summary judgment in Nayyar II are due March 1, 2013. *Order*, Doc. No. 33, filed in Nayyar II.

requires." Fed. R. Civ. P. 15(a)(2).  However, where, as here, a motion for leave to amend is filed beyond the date established in a scheduling order, a litigant must first show good cause under Rule 16(b) for the failure to earlier seek leave to amend.  *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).  A court measures good cause by the movant's "diligence in attempting to meet the case management order's requirements."  *Id*. at 906 (citations omitted).  A moving party establishes good cause if he shows that, despite his diligence, he cannot reasonably meet the deadline.  *Id*.  A District Court is also required to evaluate prejudice to the opponent in determining whether to modify a scheduling order.  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002).

### III. DISCUSSION

Plaintiff seeks leave to amend his complaint "in order to assert additional allegations in support of his existing breach of contract claim."  *Motion to Amend*, p. 2.  More specifically, plaintiff seeks to incorporate factual allegations contained in ¶¶ 58 to 88 of the *Second Amended Complaint* filed in Nayyar I, which address "Accreditation Council for Graduate Medical Education ("ACGME") work hour limitation, billable service violations and federal Medicare graduate medical education regulation violations."  *Id*.  Plaintiff contends that granting leave to amend in this regard will not prejudice defendants because these factual allegations "are identical to the allegations brought against Defendants in [Nayyar I]."  *Id*. at 2-3.

Although plaintiff concedes that he has known of these allegations since July 2010, he offers no explanation for his failure

5

to seek leave to amend before the deadline established in this action for doing so. Instead, plaintiff waited more than four months beyond the deadline for the filing of such motions, leaving a mere six weeks before the close of discovery in this action. Plaintiff has utterly failed to establish good cause for modifying the scheduling order. *See* Rule 16(b).

Notwithstanding plaintiff's failure in this regard, however, the Court must also consider whether defendants would be prejudiced by the requested modification and amendment. *See Inge, supra*, 281 F.3d at 625. The Court concludes that defendants would not.

Plaintiff does not seek to add a new claim. *Cf. Leary*, 349 F.3d at 909 n. 27 ("[B]rand new claims . . . more obviously create prejudice because the defendant must contend with an entirely different substantive issue."). Instead, plaintiff simply seeks to add factual allegations in support of the breach of contract claim in which he alleges, *inter alia*, that defendants acted in breach of the contract that required compliance with ACGME and Mount Carmel's own policies and procedures. *Complaint*, ¶¶ 62-66, filed in Nayyar II. The addition of these factual allegations, despite plaintiff's utter failure to comply with the Court's deadline, will not subject defendants to unfair discovery on a new substantive issue. Indeed, not only did plaintiff previously include allegations regarding ACGME in the complaint filed in this action, *see Complaint,* ¶¶ 12, 22-26, 61-66, filed in Nayyar II, plaintiff has already served discovery requests relating to ACGME. *See Exhibit 4*, pp. 2-3, attached to *Plaintiff's Motion to Compel*, Doc. No. 31, filed in Nayyar II. Under

these circumstances, the Court cannot conclude that defendants will suffer undue prejudice should plaintiff's motion be granted.

Finally, defendants contend that plaintiff's motion must be denied because the proposed amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (in exercising its discretion under Rule 15, a court may take into consideration, *inter alia*, the "futility of amendment"). Specifically, defendants argue that, because plaintiff has been paid for the six days in which he worked under the July 2009 employment contract, "he is entitled to no further relief and his breach of contract claim is rendered moot." *Response in Opposition*, p. 8. This Court disagrees. In addition to claimed past and future monetary damages, plaintiff also seeks reinstatement to his employment and residency. *Complaint*, p. 11, filed in Nayyar II. This claim is not moot and must await resolution after development of the record.

**WHEREPON**, *Plaintiff's Motion to File Second Amended Complaint*, Doc. No. 29, is **GRANTED**.

February 25, 2013                    *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                                United States Magistrate Judge

7