**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Sunil Nayyar, | : |
| | : Case No. 2:12-cv-00189 |
| Plaintiff, | : |
| | : Judge Marbley |
| v. | : |
| | : Magistrate Judge King |
| Mt. Carmel Health System, *et al.* | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S MOTION FOR SANCTIONS**
**ON DEFENDANT MOUNT CARMEL HEALTH SYSTEM**

Now Comes Plaintiff Sunil Nayyar, by and through counsel, and pursuant to Rules 37(a)(5)(A) and 37(b)(2)(C) of the Federal Rules of Civil Procedure, hereby moves this Court for an order compelling Defendant Mount Carmel Health System ("Mount Carmel") to pay costs and fees incurred by Plaintiff relating to Mount Carmel's failure to comply with its obligations under the Federal Rules of Civil Procedure and this Court's Order compelling Mount Carmel to provide substantive responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.

Further, pursuant to FRCP Rule 37(b)(2)(A), Plaintiff requests that this Court render a default judgment against Defendant Mount Carmel; or, in the alternative, that the matters addressed by the discovery requests that Mount Carmel failed to provide substantive responses to be taken as established as Plaintiff claims. The reasons for this Motion are more fully set forth in the memorandum below.

Respectfully submitted,

/s/ M. Nikol Madison_____
William W. Patmon III, Esq. (0062204)
M. Nikol Madison, Esq. (0084137)
Kaitlin Madigan (0087891)
The Patmon Law Firm
88 East Broad Street, Suite 2070
Columbus, Ohio 43215
Phone: (614) 824-4193
Facsimile: (614) 448-4393
wpatmon@patmonlaw.com
mmadison@patmonlaw.com
kmadigan@patmonlaw.com
*Counsel for Plaintiff*

**MEMORANDUM**

**I.   INTRODUCTION AND BACKGROUND FACTS**

Plaintiff's First Set of Interrogatories and Requests for Production of Documents was served upon Defendant Mount Carmel Health System on August 18, 2012. Defendant's responses were due on or before September 18, 2012. On September 20, 2012, Defendant's counsel requested and was granted an extension of one week to respond to Plaintiff's discovery requests. (Exhibit 1). On September 27, 2012, two (2) days past the extended deadline, Defendant's counsel requested an extension of an additional four (4) days to provide responses. (Exhibit 2). On October 1, 2012, Defendant's counsel requested an additional two (2) days to respond to Plaintiff's discovery requests. (Exhibit 3).

On October 1, 2012, Defendant served Plaintiff with Defendant Mount Carmel Health System's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. After an extension of nearly two (2) weeks past the original deadline, of Plaintiff's thirty-one (31) discovery requests, Defendant did not provide one (1) substantive response. On October 3, 2012, Plaintiff's counsel sent Defendant's counsel a letter addressing Defendant's objections to each of Plaintiff's discovery requests and informing counsel that if substantive responses were not received by October 10, 2012, Plaintiff's counsel would file a motion to compel. (Exhibit 4).

On October 10, 2012, Defendant's counsel requested an additional week to provide substantive responses to Plaintiff's discovery requests. (Exhibit 5). Plaintiff's counsel informed Defendant's counsel that counsel would allow an additional week, provided that Defendant

provided <u>all</u> of the requested information and agreed to extend the discovery period by two (2) weeks so that Plaintiff's counsel would have time to review and address Defendant's responses as needed and to take depositions. (Exhibit 6). On October 30, 2012, after not hearing from Defendant's counsel since the October 10, 2012 correspondence, Plaintiff's counsel again requested Defendant's discovery responses. (Exhibit 7).

On November 21, 2012, Defendant's counsel and Mr. Patmon had a telephone conference wherein the parties reached agreement to permit certain depositions. However, Defendant's counsel emphasized that no further depositions would go forward as to anyone discovered by Plaintiff during the course of deposition.

Having not received substantive discovery responses, on November 29, 2012, Plaintiff filed a motion to compel Defendant to produce the same. (Exhibit 8). The Court granted Plaintiff's motion to compel and ordered Defendant to provide substantive responses to the outstanding discovery requests addressed in the motion by March 7, 2013. (Exhibit 9).

On March 11, 2013, Defendant requested an extension until March 18, 2013 to provide the responses as ordered by the Court. After having not received the responses by March 18, 2013 as promised, on March 25, 2013, Plaintiff's counsel again requested Defendant's discovery responses. (Exhibit 10). On March 27, 2013, Defendant requested an additional week to provide its responses, and Plaintiff denied the request for more time. (Exhibit 11).

On March 27, 2013, Defendant provided supplemental discovery responses that were still deficient in the following ways:

1. Instead of providing substantive responses, the responses to Interrogatories Nos. 8, 9, 10, 11, and 12 refer to Dr. Borders' personnel file and to Dr. Weiss's deposition.

4

   2. The response to Interrogatory No. 13 does not include job titles and job duties for the individuals named, as requested.

   3. The response to Interrogatory No. 14 lists two systems used to report residents' hours, but it does not identify which years each system was used (or whether both were used within the time frame of 1/1/06 through 1/1/12). The response also does not describe the process for GME-One.

   4. The response to Interrogatory No. 15 is unresponsive and states that Defendant has already produced a similarly situated employee (Dr. Borders).

   5. The response to Interrogatory No. 16 is unresponsive as to compilation – it only discusses storage and preservation.

   6. The responses to Document Requests Nos. 4 and 6 state that Defendant will supplement.

(Exhibit 12).

## II. LAW AND ARGUMENT

### A. Rule 37(d)(3) Requires That Defendant Mount Carmel Pay Costs For Its Failure To Provide Substantive And Complete Answers To Plaintiff's Discovery Requests.

Rule 37(d)(3) states:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3) (emphasis added). *See also Strother v. City of Lorain*, N.D. Ohio No. 1:09 CV 745, 2010 WL 537799, at *2 (Feb. 10, 2010) (After the plaintiff failed to respond to Defendants' interrogatories, and offered no explanation or excuse for his failure, the court ordered Plaintiff to pay the reasonable expenses caused by his failure, in accordance with Fed. R.

5

Civ. P. 37(d)(3)).  (Exhibit 13).  Before filing a motion to compel, Plaintiff attempted, on several occasions, to obtain the requested discovery without court action.  *See* Exhibits 1-7.  Defendant was granted several extensions to provide its responses, but still failed to do so.  Defendant has not provided a justifiable explanation for its failure to meet its discovery obligations.

      The *Strother* court stated that the plaintiff's refusal to cooperate during discovery undermined the defendants' ability to defend themselves and caused unnecessary delay and expense by forcing the defendants' to repeatedly seek discovery responses.  *Strother*, at *1.  Similarly, in the case at bar, Defendant's refusal to cooperate undermined Plaintiff's ability to prove his case and caused unnecessary delay and expense by forcing Plaintiff's counsel to repeatedly seek Defendant's responses.

      Pursuant to Rule 37(d)(3), the Court *must* require Defendant to pay reasonable expenses, including attorney's fees, caused by Defendant's failure to provide substantive and complete answers to Plaintiff's discovery requests.  *See* Fed. R. Civ. P. 37(d)(3).  There are no circumstances present which would make an award of expenses unjust.  To the contrary, Defendant's dilatory conduct has caused significant undue prejudice to Plaintiff's claims.  Plaintiff sought the discovery to prove his claims and to oppose summary judgment and has been denied his rights.  Accordingly, Plaintiff respectfully requests that this Court require Defendant to pay reasonable expenses, including attorney fees, caused by Defendant's failure to provide substantive and complete answers to Plaintiff's discovery requests.

**B.     Rule 37(a)(5)(A) Requires That Defendant Mount Carmel Pay Costs Incurred By Plaintiff In Making His Motion To Compel.**

Rule 37(a)(5)(A) states:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  Pursuant to Rule 37(a)(5)(A), the Court *must* require Defendant to pay reasonable expenses, including attorney's fees, incurred by Plaintiff in making the motion to compel.  *See id.*

Rule 37(a)(5)(A) mandates that Defendant pay Plaintiff's reasonable expenses incurred in connection with his motion to compel unless (1) his motion was filed before Plaintiff attempted in good faith to obtain the discovery without court intervention; (2) Defendant's failure to properly respond to the discovery requests was substantially justified; or (3) other circumstances make an award unjust.  *See J4 Promotions, Inc. v. Splash Dogs, LLC*, S.D. Ohio No. 2:09-cv-136, 2010 WL 2162901, at *1 (May 25, 2010).  (Exhibit 14).  Plaintiff has provided evidence of the numerous good faith attempts to obtain the requested discovery without court intervention.  *See* Exhibits 1-7.  Defendant has provided no justification for its failure to properly respond.  This Court has not been made aware of any circumstances which would make an award of Plaintiff's expenses unjust in this situation.

Defendant's conduct in failing to provide substantive and complete responses, after multiple requests from Plaintiff for answers to his discovery requests, necessitated Plaintiff filing

7

a motion to compel. After Plaintiff filed its motion to compel, Defendant was afforded an opportunity to be heard and oppose Plaintiff's motion. Defendant did not file a memorandum in opposition to Plaintiff's motion or otherwise provide any explanation for its failure to meet its discovery obligations. Plaintiff's motion to compel was granted by this Court. Accordingly, Plaintiff respectfully requests that this Court require Defendant to pay reasonable expenses, including attorney fees, Plaintiff incurred in making the motion to compel.

    **C.**    **Rule 37(b)(2)(C) Requires That Defendant Mount Carmel Pay Costs For Its Failure To Obey The Court's Order Compelling It To Provide Substantive Answers To Plaintiff's Discovery Requests.**

Rule 37(b)(2)(C) states:

> Instead of or in addition to the orders above, the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Pursuant to Rule 37(b)(2)(C), the Court *must* order Defendant to pay reasonable expenses, including attorney's fees, caused by Defendant's failure to obey the Court's order to provide substantive responses to Plaintiff's discovery requests. *See id.* When considering a party's request for assessment of attorneys' fees on a noncompliant party, the court's analysis is straightforward. *Trustees of Laborers, Local 310 Pension Fund, et al. v. Able contracting Group, Inc.*, N.D. Ohio No. 1:04CV2294, 2007 WL 184748, at *5 (Jan. 19, 2007). If the party violated the court's order and its violation was not justified, expenses must be awarded to the moving party unless the circumstances make an award

8

of expenses unjust.  *See id.  See also Bratka v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 448, 452 (S.D. Ohio 1995).

As noted, Defendant has no justifiable explanation for its failure to comply with this Court's order, and there are no circumstances present which would make an award of expenses unjust.  To date, in violation of the Court's February 25, 2013 order, Defendant has not complied.  Moreover, prior to the Court's order and subsequent to it, Defendant has requested additional time, and yet the additional time has yielded little to no substantive responses.  This conduct is serial in nature and has adversely affected Plaintiff's ability to adequately identify and depose key witnesses and to adequately oppose summary judgment and try this case before the jury.

Ironically, Defendant had ample time to prepare and file a 50-page motion for summary judgment during the same period it was requesting more time to produce substantive discovery responses.  Accordingly, Plaintiff respectfully requests that this Court require Defendant to pay reasonable expenses, including attorney fees, caused by Defendant's failure to comply with the Court's order compelling Defendant to provide complete substantive responses to Plaintiff's discovery requests.

### D. Plaintiff Should Be Granted A Default Judgment For Defendant's Repeated Failure to Comply With The Federal Rules Of Civil Procedure.

Pursuant to Rule 37(b)(2)(A)(vi), for its failure to obey the Court's order to provide substantive responses to Plaintiff's discovery requests, the Court may render a default judgment against Defendant. Fed. R. Civ. P. 37(b)(2)(A)(vi).  If a defendant's failure to comply with its discovery obligations is due to willfulness, bad faith, or fault of the defendant, the court may

9

grant a default judgment to the plaintiff as a sanction. *See Bratka*, 164 F.R.D. 448, at 460.  The burden of proof is on Defendant to show that its failure to comply was due to inability, and not to willfulness, bad faith or fault. *Id.*  The court in *Strother* stated that the noncompliant party's failure to cooperate in discovery appeared to be willful because there was no indication to the contrary. *Strother*, at *3.  While Defendant has tactically delayed production of discovery responses, and never provided complete answers to some, it never established that it was unable to obtain the information requested by Plaintiff.  As there has been no indication to the contrary, Defendant's failure is, at worst, willful, and at best, due to its own fault.

In addition to the analysis above, courts consider three (3) factors when determining whether to impose default judgment or dismissal as a discovery sanction. *Bratka*, at 460.  First, this Court must consider whether Plaintiff was prejudiced by Defendant's failure to cooperate in discovery.  *See Id.*  Plaintiff has been prejudiced if Defendant's failure to cooperate has undermined Defendant's ability to prove his cause and caused unnecessary delay and expense. *See Strother*, at *3.  Such is the case here.  Plaintiff was permanently harmed by the missed opportunity to oppose Defendant's motion for summary judgment after having an opportunity to receive and fully analyze all of the evidence necessary to prove his claims.  In addition, some of the information requested likely would have led Plaintiff to other important evidence and witnesses.

Next, the Court must consider whether Defendant was warned that failure to cooperate could lead to dismissal.  *See Bratka*, at 460.  If Plaintiff's motion to compel was not a sufficient warning to Defendant, this Court's order surely provided notice that its failure to meet its

discovery obligations would be met with consequences. Defendant's counsel certainly was aware that the consequences of Defendant's failure could include summary judgment.

Finally, the Court must consider whether less drastic sanctions against Defendant were imposed or considered. *See Id.* The Court imposed much less drastic sanctions when it granted Plaintiff's motion to compel and ordered Defendant to provide substantive responses to Plaintiff's requests. Defendant's failure to comply with the Court's order evidences a need for a more severe sanction, namely default judgment.

Similar to the Defendant in *Bratka*, Defendant's failure has prolonged this litigation, increased the time and expense to Plaintiff, and required an additional amount of the Court's valuable time. *See id.* at 463. Consideration of all of the appropriate factors confirms that default judgment is appropriate for Defendant's willful attempt to deprive Plaintiff of his opportunity for remedy from this Court. Plaintiff respectfully requests that this Court grant default judgment in favor of Plaintiff for Defendant's failure to comply with the Court's order compelling Defendant to provide complete substantive responses to Plaintiff's discovery requests.

**E.     The Discovery Sought By Plaintiff Was Needed To Oppose Summary Judgment.**

The discovery sought was needed to prove Defendant breached the contract when Plaintiff's private, confidential personnel information was released to the public, and to show that Dr. Borders' termination was a result of a conspiracy to defeat Plaintiff's lawsuit, as well as other claims for relief in this action. To date, Plaintiff has not been provided with all of the complete and substantive responses to discovery he needed in order to appropriately oppose

summary judgment as to the claims in his second lawsuit.  Plaintiff has been permanently harmed by this missed opportunity due to Defendant's stall tactics and disregard for its obligations under the civil rules.

### III.   CONCLUSION

Plaintiff's counsel has made several attempts to obtain Defendant's responses to discovery.  However, despite all attempts, as of the date of this Motion, Defendant has still not provided complete and substantive responses to all of Plaintiff's discovery requests.  Plaintiff requests that the Court intervene by ordering the following sanctions against Defendant:

(a) reasonable expenses, including attorney's fees, corresponding to the preparation of Plaintiff's Motion to Compel;

(b) reasonable expenses, including attorney's fees, caused by Defendant's failure to obey the Court's order to provide substantive responses to Plaintiff's discovery requests;

(c) reasonable expenses, including attorney's fees, corresponding to Plaintiff's attempts, after Defendant's original deadline lapsed, to obtain substantive responses to Plaintiff's discovery requests; and

(d) default judgment against Defendant Mount Carmel Health System.

Respectfully submitted,

/s/ M. Nikol Madison_____
William W. Patmon III, Esq. (0062204)
M. Nikol Madison, Esq. (0084137)
Kaitlin Madigan (0087891)
The Patmon Law Firm
88 East Broad Street, Suite 2070
Columbus, Ohio 43215
Phone: (614) 824-4193
Facsimile: (614) 448-4393
wpatmon@patmonlaw.com
mmadison@patmonlaw.com
kmadigan@patmonlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the forgoing was served this 24th day of April, 2013, via electronic mail, upon all counsel registered with this Court's electronic service.

/s/ M. Nikol Madison_____
William W. Patmon III, Esq. (0062204)
M. Nikol Madison, Esq. (0084137)
Kaitlin Madigan (0087891)