# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| Sunil Nayyar, | : |
| | : Case No. 2:10-cv-00135-ALM-NMK |
| Plaintiff, | : 2:12-cv-00189-ALM-NMK |
| | : |
| v. | : Judge Marbley |
| | : |
| Mount Carmel Health System, *et al.*, | : Magistrate Judge King |
| | : |
| Defendants. | : |

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Now comes Mount Carmel Health System, Dr. John Weiss, Dr. Li Tang and Dr. Richard Streck (collectively, "Defendants"), by and through their undersigned counsel, and submit the attached Memorandum in Opposition to Plaintiff's Motion for Sanctions filed April 24, 2013. Defendants respectfully request that Plaintiff's Motion be denied for the reasons set forth below.

Respectfully submitted,

/s/ M. J. Asensio
M. J. Asensio (0030777), Trial Attorney
Kathleen M. Portman (0085507), Of Counsel
BAKER & HOSTETLER, LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
masensio@bakerlaw.com
kportman@bakerlaw.com

*Attorneys for Defendants Mount Carmel Health System, Dr. Weiss, Dr. Tang, and Dr. Streck*

## MEMORANDUM IN OPPOSITION

**I.  INTRODUCTION**

The instant motion is nothing short of an attempt to distract the Court and prevent a resolution of this case on the merits.  Aside from Plaintiff's flagrant omission of critical correspondence and production, Plaintiff's motion fails because he has received complete responses to each and every one of his discovery requests.  For this reason alone, Plaintiff is not entitled to any relief and his motion must be denied.

Not only does Plaintiff's motion fail to identify any outstanding discovery, he asks this Court to award sanctions based on new discovery issues which did not form the basis for his motion to compel and which were never deemed "deficient" prior to filing the instant motion.  Moreover, even if the Plaintiff could identify a single document that is not in his possession, which he cannot, he never tried to resolve these discovery issues prior to filing for sanctions.  Instead, Plaintiff waited in silence for over six weeks, opting to file his motion at the close of briefing on Defendants' motion for summary judgment.  Such a blatant attempt to distract the Court from the merits of this case violates the very tenets of Fed. R. Civ. P. 37 and must be categorically denied.

**II.  THE PERTINENT DISCOVERY REQUESTS**

Plaintiff claims Defendants are "deficient" with the following discovery requests; however, as detailed below, Plaintiff has received complete responses to each of the following:

**INTERROGATORY 8:** Identify all person(s) and staff who were involved or participated in the decision to terminate Jonathan Borders and include their name, title, address and a summary of their involvement or participation.

**INTERROGATORY 9:** Identify all witnesses and persons who provided oral and/or written statement that were relied on in deciding to terminate Jonathan Borders.

**INTERROGATORY 10:** Identify all disciplinary citations, violations, or infractions made or issued against Jonathan Borders prior to his termination.

**INTERROGATORY 11:** Identify all staff and person who participated in the decision to investigate, discipline and terminate Jonathan Borders.

**INTERROGATORY 12:** Identify the resident who reported Jonathan Borders which, in turn, led to ultimately to his termination.

**INTERROGATORY 13:** Identify all staff persons who worked for Dr. Weiss from 2006 to 2011 and include their names, titles and job duties.

**INTERROGATORY 14:** Describe in detail the process by which residents were to report their work hours from January 1, 2006 to January 1, 2012.

**INTERROGATORY 15:** Identify all residents who were received a written or oral warning, write up, or any form of discipline or counseling for any reason from January 1, 2006 to January 1, 2012 in the internal medicine program and include name, address, phone number and reason for the aforementioned employment action.

**INTERROGATORY 16:** Identify and describe in detail all policies, directives, rules, regulations and practices regarding the compilation, storage and preservation of documents and files relating to the investigation and discipline of a resident physician.

**DOCUMENT REQUEST NO. 4:** Produce all documents submitted and/or presented to the ACGME from January 1, 2000 to the present regarding internal medicine programs certification and accreditation.

**DOCUMENT REQUEST NO. 6:** Produce all records of resident physician hours reported to GME ONE or any reporting system and include the names of all staff persons who were responsible for collecting, storing and reporting compliance regarding resident hours from January 1, 2006 to January 1, 2012.

(ECF No. 50, pp. 4-5; ECF No. 50-12).

### III. RELEVANT BACKGROUND

This discovery dispute must be framed in the proper context. Defendants have produced hundreds of documents in response to Plaintiff's August 2012 request. That, by any standard, is a substantial document production for a single-plaintiff employment case. Moreover, Defendants have objected to none of the four depositions noticed by the Plaintiff, where the Defendants have taken but one. Now, on the precipice of summary judgment, and after receiving

complete responses to each of his discovery requests, Plaintiff attempts to use a motion for sanctions as a vehicle to stay a resolution of this case on its merits.

Throughout discovery in this case, Defendants' have steadfastly maintained that a number of Plaintiff's discovery requests were overly broad and not reasonably calculated to lead to the discovery of admissible evidence. These significant objections were detailed in Defendants' response to Plaintiff's discovery requests on October 1, 2012. (Exhibit A).

Two days later, on October 3, 2012, Plaintiff sent a letter which forms the entire basis for the instant motion. In this letter alone, Plaintiff details specific issues regarding Defendants' discovery responses. (Exhibit B). At no point prior to filing the instant motion has the Plaintiff identified any other issues with Defendants' responses.

In reply to Plaintiff's October 3, 2012 letter, Defendants agreed to gather additional documentation and to supplement responses as information became available. (Exhibit C). This has been the parties' course of dealing throughout this litigation, including the parties' dealings throughout the related 2010 action (2:10-cv-00135-ALM-NMK), which was consolidated with the instant matter on September 10, 2012. (ECF No. 21).

As Defendants continued to gather responsive information, the parties conferred on November 16, 2012. With Plaintiff's trial counsel out with a health condition, Defendants provided an update on written discovery to Plaintiff's former trial counsel and requested a conference to discuss the issues raised in the October 3, 2012 letter. (Exhibit D). This conference transpired on November 21, 2012. (Exhibit E). However, eight days later, upon the return of Plaintiff's trial counsel, a motion to compel was filed. (Exhibit F). Despite the parties' recent conference, at no point prior to filing the motion to compel did Plaintiff's counsel attempt to provide any notification of the pending motion.

Plaintiff's motion to compel made no effort to identify new deficiencies in Defendants' discovery responses. Instead, Plaintiff simply attached his October 3, 2012 letter to the motion. This action limited the discovery issues before the Court to only those deficiencies specifically identified in the October 3, 2012 letter. (Exhibit F).

Both before and after Plaintiff's motion to compel, Defendants continued to gather and produce responsive data as required under Fed. R. Civ. P. 26(e). Within five days of Plaintiff's motion, all remaining discovery had been obtained and produced, including over 280 pages of documents. (Exhibit G). Plaintiff's counsel acknowledged receipt on January 28, 2013. In addition, Defendants' called Plaintiff's counsel and sent a follow up written notice on February 8, 2013 confirming that all written discovery was complete. (Exhibit H). Thus, all of the issues raised in Plaintiff's motion to compel had been resolved by December 4, 2012.

Then, on February 11, 2013, Plaintiff sent correspondence alleging that additional supplementation was still outstanding. However, Plaintiff failed to provide any indication of what was "deficient." Instead, Plaintiff simply attached his October 3, 2012 letter. (Exhibit I). Defendants immediately began preparing a response to Plaintiff's vague allegations; including a reference to the December 4, 2012 production and a copy of the February 8, 2013 confirmation. However, before Defendants could respond, the Court issued an Order granting Plaintiff's motion to compel. (Exhibit J). The Court's February 25, 2013 Order required "responses to the outstanding discovery requests addressed in the motion to compel," which, once again, were responded to in full on December 4, 2012. In addition, the Court denied Plaintiff's request for "attorney's fees corresponding to the preparation of Plaintiff's Motion to Compel." (ECF No. 36). (Id.)

That same day, the parties conferred and filed a joint motion to extend the dispositive motion and response deadlines for summary judgment. (ECF No. 37). Depositions took place on February 25-26, 2013, and Defendants filed their motion for summary judgment on March 8, 2013. (ECF No. 41).

In compliance with Fed. R. Civ. P. 26, the parties continued to supplement discovery responses where appropriate. For example, on January 28, 2013, Plaintiff's counsel provided additional documentation which had "recently [been] received." (Exhibit K). Likewise, Defendants provided minor supplementation as that information became available. For example, Defendants provided new details for certain Interrogatories on March 27, 2013. (Exhibit L). Similarly, Defendants provided a copy of a 2009 employee handbook. (Exhibit M).

A few days later, Defendants supplemented a single request for documents and beyond that, a single Interrogatory. (Exhibits N and O).

Plaintiff had all supplemental responses and all documentation well in advance of filing his motion in opposition to summary judgment on April 8, 2013. (ECF No. 47). In fact, Plaintiff's opposition to summary judgment cites to supplemental documents that were provided to him as recently as March 27, 2013. (See e.g., ECF No. 47, p. 9).

At no point after Defendants' December 4, 2012 production, or the parties' mutual supplementation of discovery that occurred thereafter, did Plaintiff identify any remaining deficiencies in Defendants' responses to discovery. Despite this fact, and without any warning or notice, Plaintiff filed the instant motion for sanctions on April 24, 2013. (ECF No. 50). Interestingly, the issues noted in Plaintiff's motion for sanctions are not included in Plaintiff's October 3, 2012 letter and did not form the basis for the Court's February 25, 2013 Order. Instead, all of the issues addressed in the October 3, 2012 letter were satisfied through

Defendants' production on December 4, 2012, and affirmed through correspondence on February 8, 2013. (Exhibit H).

In sum, Plaintiff now seeks sanctions for new discovery issues which were never presented to the Defendants prior to seeking the Court's intervention. Such a request fails to satisfy the Plaintiff's obligations under the Federal and Local Rules and must be denied.

## IV. ARGUMENT

### A. Plaintiff's Motion for Sanctions is Without Merit

Plaintiff claims that there are deficiencies in a number of Defendants' discovery responses. Defendants will address each individual request in the order in which Plaintiff's motion presents them; however, Defendants have produced all known documents which are responsive to Plaintiff's discovery requests and has informed Plaintiff of the same, in writing. This amply satisfies Defendants' obligations under the Federal Rules of Civil Procedure, Local Rules and this Court's February 25, 2013 Order, and Plaintiff's motion must be denied.

#### 1. Defendants Provided Complete Responses to All Interrogatories and Requests for Documents Identified in Plaintiff's Motion for Sanctions

Plaintiff first alleges "deficiencies" in Interrogatories 8-12, which request:

> **INTERROGATORY 8:** Identify all person(s) and staff who were involved or participated in the decision to terminate Jonathan Borders and include their name, title, address and a summary of their involvement or participation.
>
> **INTERROGATORY 9:** Identify all witnesses and persons who provided oral and/or written statement that were relied on in deciding to terminate Jonathan Borders.
>
> **INTERROGATORY 10:** Identify all disciplinary citations, violations, or infractions made or issued against Jonathan Borders prior to his termination.
>
> **INTERROGATORY 11:** Identify all staff and person who participated in the decision to investigate, discipline and terminate Jonathan Borders.
>
> **INTERROGATORY 12:** Identify the resident who reported Jonathan Borders which, in turn, led to ultimately to his termination.

Aside from the fact that these Interrogatories were never: (1) mentioned in Plaintiff's October 3, 2012 letter; (2) referenced in Plaintiff's motion to compel; or (3) subject to the Court's February 25, 2013 Order, the only "deficiencies" raised in the motion for sanctions is the Defendants' use of Fed. R. Civ. P. 33(d) to refer the Plaintiff to Dr. Border's personnel file and the deposition testimony of Dr. Weiss. (ECF No. 50). Because this is an appropriate invocation of Federal Rule 33(d), Plaintiff's motion must be denied.

Federal Rule 33 provides, in relevant part:

> (d) OPTION TO PRODUCE BUSINESS RECORDS. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). According to the plain language of the Federal Rule, when the burden of deriving or ascertaining the answer is substantially the same for either party, as is the case here, the answering party may avoid providing a complete narrative response by simply identifying the records in sufficient detail. Defendants did just that. S*ee e.g., United States ex rel. Donald Howard, et al., v. Lockheed Martin Corp.* 2012 U.S. Dist. LEXIS 5635 (S.D. Ohio 2012); and Adv. Comm. Notes to Fed. R. Civ. P. 33. The purpose of the Rule is to place the burden of research on the party seeking the information, instead of requiring the responding party to conduct a burdensome or expensive search. (Id.)

In this case, all of the responsive information to Interrogatories 8-12 is contained in the personnel file of Dr. Borders or in the deposition testimony of Dr. Weiss. Both of these

8

documents have been identified in specific detail and both have been provided to the Plaintiff. The Federal Rule requires nothing more. As such, Plaintiff's motion must be denied.

> **INTERROGATORY 13:** Identify all staff persons who worked for Dr. Weiss from 2006 to 2011 and include their names, titles and job duties.

Similar to Interrogatories 8-12, Plaintiff never raised any challenge to Interrogatory 13 in his October 3, 2012 letter or in his motion to compel. Nor was this Interrogatory before the Court when it issued its February 25, 2013 Order. However, even if we consider Plaintiff's novel concern regarding Interrogatory 13, he never claims that Defendants failed to identify all relevant parties. Nor does the Plaintiff allege that he was unable to request additional information or further clarification from the Defendants, which he never did. Instead, Plaintiff takes issue with the fact that Defendants did not provide the right verbiage when describing the following job titles or job duties:

> Dr. Weiss worked with administrators named Kelly McElravey and Karen Miller, who handled administrative tasks. He worked with core faculty that included Drs. Pat Ecklar, Vikram Tamaskar, Hillary Vaughn, Binay Eapen, Meredith Mucha, A. Sophia Beynen, and David McMahon.

(Exhibit L).

Mere quibbling over the wording of Defendants' response does not form a viable basis for sanctions. *See* Fed. R. Civ. P. 37. Instead, Plaintiff had an affirmative obligation to identify any alleged deficiencies in Defendants' response or to request additional clarification. Fed. R. Civ. P. 37(a)(1). This was never done. Instead, Defendants first learned of this alleged "deficiency" on April 24, 2013, the day Plaintiff filed his motion for sanctions. (ECF No. 50). For this reason alone, Plaintiff's motion must be denied. *See Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc.,* 326 F.3d 687, 700-701 (6th Cir. 2003)(sanctions are inappropriate

where counsel fails to attempt non-judicial resolution before bringing the motion and information sought could have been obtained by other means).

> **INTERROGATORY 14:** Describe in detail the process by which residents were to report their work hours from January 1, 2006 to January 1, 2012.

Defendants' provided the following response to Interrogatory 14:

> Residents now use a software program called New Innovations to log their work hours. Residents can log in from anywhere, and can use their computer mouse to drag or "paint" their hours onto the daily calendar, coloring in the hours during which they were in the hospital. Prior to New Innovations, residents used a software program called GME-One to log their work hours. While the interface was different, that program was similar in that residents logged into the program themselves and entered their work hours on the honor system.

(Exhibit J). This response is complete. However, Plaintiff asserts for the first time in his motion for sanctions that Defendants were somehow obligated to "identify which years each system was used (or whether both were used within the time frame of 1/1/06 through 1/1/12)." (ECF No. 50). While a plain review of the Interrogatory shows that this information was not requested, rendering Plaintiff's allegations null, Plaintiff could have easily obtained this information by simply picking up the telephone or by sending an email. He did not. (ECF No. 50). *See Interactive Prods. Corp. v. a2z Mobile Office Solutions, Inc.,* 326 F.3d 687, 700-701 (6th Cir. 2003).

> **INTERROGATORY 15:** Identify all residents who were received a written or oral warning, write up, or any form of discipline or counseling for any reason from January 1, 2006 to January 1, 2012 in the internal medicine program and include name, address, phone number and reason for the aforementioned employment action.
>
> **INTERROGATORY 16:** Identify and describe in detail all policies, directives, rules, regulations and practices regarding the compilation, storage and preservation of documents and files relating to the investigation and discipline of a resident physician.

For Interrogatories 15 and 16 Plaintiff asserts the same "deficiency;" namely, that Defendants were unresponsive. For Interrogatory 15, Plaintiff alleges that Defendants refused to provide any additional information as they had "already produced a similarly situated employee (Dr. Borders)." (ECF No. 50). This is categorically false. Defendants provided the following responses to Interrogatory 16:

> Mount Carmel objects to this interrogatory because it seeks information that is not relevant to Plaintiff's claims or Defendants' defenses in this case. Mount Carmel further objects to this interrogatory because it seeks information that is not calculated to lead to the discovery of admissible evidence. Mount Carmel states that the personnel file of the employee similarly-situated to Plaintiff under *Mitchell v. Toledo Hospital*, Dr. Borders, has already been produced.
>
> Other than Dr. Nayyar and Dr. Borders, whose files are in the possession of Plaintiff's counsel and to which counsel is referred under Rule 33(d), the only internal medicine resident to receive discipline as described in the interrogatory between 1/1/06 and 1/1/12 was Nivedita Bijlani (current address unknown), who on August 6, 2010, was placed on probation for letting a friend into a non-public area of the hospital. She did not violate her probation.

(Exhibits L, P). This response is complete and Plaintiff's motion must be denied.

Likewise, the only issue raised regarding Interrogatory 16 is that Defendants were "unresponsive as to compilation;" however, the motion makes clear that Defendants have completely responded as to Plaintiff's other issues regarding storage and preservation. (ECF No. 50). In reality, Defendants' response is complete as to all three issues. Mount Carmel does not compile any information regarding the investigation or discipline of resident physicians. As such, there is no additional information to provide and Plaintiff's motion must be denied.

> **DOCUMENT REQUEST NO. 4:** Produce all documents submitted and/or presented to the ACGME from January 1, 2000 to the present regarding internal medicine programs certification and accreditation.
>
> **DOCUMENT REQUEST NO. 6:** Produce all records of resident physician hours reported to GME ONE or any reporting system and include the names of all staff persons who were responsible for collecting, storing and reporting compliance regarding resident hours from January 1, 2006 to January 1, 2012.

11

Defendants have worked diligently through this litigation to continually assess and supplement discovery responses in accordance with Fed. R. Civ. P. 26(e). This duty is implied in every one of Defendants' responses to Plaintiff's discovery requests; however, in several of Plaintiff's requests, including the two identified in Plaintiff's motion for sanctions, this duty is identified expressly. It is well-known that a duty to supplement does not mean that responsive information or documentation exists; rather, it only means that a party has a duty to amend if additional or corrective information becomes known throughout the course of the litigation. Fed. R. Civ. P. 26(e).

In response to Request No. 4, Defendants maintain no responsive documents. While Defendants acknowledge their obligation under Rule 26(e) to supplement should additional or corrective information become available; currently, there is no further information or documentation that Defendants may provide.

Likewise, Plaintiff's motion fails to discuss the documentation provided by Defendants in response to Request No. 6. (Exhibit Q). No additional documentation exists. Thus, while Defendants acknowledge their obligation to supplement under Rule 26(e), Defendants' response is complete and Plaintiff's motion must be denied.

While none of the "deficiencies" noted above were raised in Plaintiff's October 3, 2012 letter, provided the basis for Plaintiff's motion to compel, or were addressed by the Court's February 25, 2013 Order, Defendants have provided complete responses to each and every one.

However, even if Plaintiff was able to identify any documentation that is not in his possession, which he cannot, the sanctions requested are inappropriate under the circumstances of this case.

### B. Sanctions Are Not Warranted

#### 1. Defendants are Exempt from Mandatory Sanctions under Fed. R. 37(a)(5)(A)(i) and (iii)

Federal Rule 37(a)(5)(A) provides that even when a motion to compel is granted, the court "**must not**" order the payment of reasonable expenses: (1) when the movant filed the motion before attempting in good faith to obtain the discovery without court action or (2) when other circumstances make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(5)(A)(i) and (iii). Defendants are exempted from sanctions under both of these provisions.

As correspondence between the parties demonstrates, on November 16, 2012 the parties were engaged in discussions regarding the alleged deficiencies in Defendants' October 1, 2012 responses. (Exhibit D). The parties conferred on November 21, 2012, in an effort to resolve issues related to discovery. (Exhibit E). Due to a health condition affecting Plaintiff's trial counsel, all of these conversations transpired between Defendants' counsel and Plaintiff's former trial counsel. After the November 21, 2012 conference, Defendants' continued to gather responsive information and documents. However, upon returning from medical leave eight days later, and without any warning or notice, Plaintiff's trial counsel filed a motion to compel. (Exhibit F). At no point prior to filing the motion to compel did Plaintiff's counsel reach out or attempt in good faith to continue in the parties' efforts to resolve the discovery issues. As such, Plaintiff is not entitled to mandatory sanctions and an award of the same would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(i), (iii).

#### 2. Plaintiff is not Entitled to Sanctions Under Fed. Rule 37(b)

Plaintiff's motion cites to Fed. R. Civ. P. 37(b)(2)(C) which provides for sanctions in some circumstances when a party fails to comply with a court order. However, Plaintiff's motion fails to substantiate any such violation. (ECF No. 50). As stated above, the only issues addressed

by the Court's February 25, 2013 Order are those issues raised in his motion to compel. Defendants satisfied all of those issues by December 4, 2012, prior to the Court's Order, as confirmed on February 8, 2013. (Exhibit H). As such, there has been no failure to comply with an Order of this Court and Plaintiff is not entitled to mandatory sanctions under Fed. R. Civ. P. 37(b)(2)(C).

Likewise, Plaintiff seeks sanctions in the form of a default judgment under Federal Rule 37(b)(2)(A)(vi). Such a request is, at best, absurd. Fed. R. Civ. P. 37(b)(2)(A)(vi).

The United States Court of Appeals for the Sixth Circuit has directed trial courts to consider four factors when considering this drastic remedy: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). Default judgment is the most severe sanction and should only be considered in extreme circumstances. *See Grange Mutual Cas. Co. v. Mack*, 270 Fed. Appx. 372, 376 (6th Cir. 2008). Likewise, default judgment "may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith or fault," none of which are at play under the current circumstances. *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir. 1990) (internal quotations omitted).

In this case the first two factors weigh heavily against the imposition of default judgment. Aside from Plaintiff's self-serving statements regarding Defendants' alleged willfulness or bad faith, it is clear from the exhibits attached to this motion that Defendants have provided all requested documentation and that they have worked diligently to do so according to the parties'

established course of dealing. Similarly, Plaintiff has failed to provide any evidence of harm. Not only did he have all information and documentation in his possession prior to filing his motion in opposition to summary judgment on April 8, 2013, but he was even able to quote from supplemental information provided to him on March 27, 2013. *See e.g.,* ECF No. 47, p. 9; *Sexton v. Uniroyal Chemical Co., Inc.,* 62 Fed. Appx. 615, 616 n.1 (6th Cir. 2003) (Rule 37 sanctions, however, are not appropriate where a party's failure to comply was harmless or substantially justified). Based on these well supported facts, this is not an extreme circumstance and default judgment is not an inappropriate sanction. *Bass v. Jostens, Inc.* 71 F.3d 237, 241 (6th Cir. 1995)(citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1079 (6th Cir. 1990)).

### 3. Plaintiff is not Entitled to Sanctions Under Fed. R. 37(d)

Finally, Plaintiff's motion cites to Fed. R. Civ. P. 37(d)(3), which provides for sanctions when a party fails to serve written responses to discovery. In evaluating Plaintiff's request, a court must determine whether the award of sanctions would be unjust. Fed. R. Civ. P. 37(d)(3). In this case there is ample evidence that sanctions under these conditions would be, at best, unjust.

Plaintiff failed to raise any of the discovery issues detailed in his motion to compel in his motion for sanctions. Instead, Plaintiff uses his motion for sanctions to assert new discovery issues and then asks the Court to award sanctions against a party that was never provided notice of the alleged "deficiencies" or an opportunity to cure prior to the Court's intervention. For this reason alone sanctions are not justified and Plaintiff's motion must be denied. Fed. R. Civ. P. 37(a)(1).

## V. CONCLUSION

Plaintiff's motion for sanctions is nothing more than an attempt to prevent a resolution of this case on its merits. As an initial matter, Plaintiff raises novel discovery issues in his motion that were not a part of his motion to compel, nor where they part of the Court's February 25, 2013 Order. Second, Plaintiff's motion fails to identify any manner in which he has been harmed. Instead, Plaintiff waited in silence for six weeks, waiting to file the instant motion at the close of briefing for Defendants' motion for summary judgment. Such conduct does not warrant sanctions of any kind, much less the dramatic sanctions requested, and Plaintiff's motion must be denied.

Respectfully submitted,

/s/ M. J. Asensio
M. J. Asensio (0030777), Trial Attorney
Kathleen M. Portman (0085507), Of Counsel
BAKER & HOSTETLER, LLP
65 East State Street, Suite 2100
Columbus, Ohio 43215
Telephone: (614) 228-1541
Facsimile: (614) 462-2616
masensio@bakerlaw.com
kportman@bakerlaw.com

*Attorneys for Defendants Mount Carmel Health System, Dr. Weiss, Dr. Tang, and Dr. Streck*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2013, I electronically filed the foregoing document with the Clerk of Courts using the Court's CM/ECF system, which will send electronic notification of such filing to the following:

William W. Patmon, III, Esq.
M. Nikol Madison, Esq.
PATMON LLC
88 East Broad Street, Suite 2070
Columbus, Ohio 43215
wpatmon@patmonlaw.com
mmadison@patmonlaw.com

*Attorneys for Plaintiff Sunil Nayyar*

/s/ Kathleen M. Portman
Attorney for Defendants