IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**SUNIL NAYYAR,**

    **Plaintiff,**

  v.                                   **Case No. 2:12-CV-189**
                                           **JUDGE MARBLEY**
                                           **MAGISTRATE JUDGE KING**

**MT. CARMEL HEALTH SYSTEM, et al.,**

    **Defendants.**


**OPINION AND ORDER**

This matter is before the Court for consideration of the plaintiff's *Motion for Sanctions*, Doc. No. 50.  For the reasons that follow, the motion is denied.

Plaintiff, Dr. Sunil Nayyar ["plaintiff"], commenced this action following the termination of his medical residency with defendant Mt. Carmel Health System ["MCHS"].[1]  Plaintiff's claims of employment discrimination failed to survive summary judgment.  *See Opinion and Order*, Doc. No. 74.  There remains, however, one outstanding motion in connection with discovery in this case.  *Motion for Sanctions*. The Court now considers the merits of that motion.

Plaintiff seeks his costs and fees incurred in connection with MCHS's alleged failure to fully respond to plaintiff's First Set of Interrogatories and Requests for Production of Documents.  *Motion for Sanctions*, pp. 3-4.  Plaintiff first served these discovery requests

---

[1] In addition to MCHS, two of plaintiff's former supervisors were also named as defendants to the action.

1

on August 18, 2012. MCHS's responses apparently consisted entirely of objections. *See* Exhibit 4 attached to *Motion for Sanctions*. Counsel for the parties conferred on the matter, but plaintiff eventually filed a motion to compel substantive responses to the discovery requests. *Motion to Compel*, Doc. No. 31. That motion was granted as unopposed and MCHS was ordered to provide substantive response to plaintiff's discovery requests. *Order*, Doc. No. 35. After a number of requests for additional time, MCHS made substantive response to plaintiff's discovery requests on March 27, 2013. *See* Exhibit 12, attached to *Motion for Sanctions*. The *Motion for Sanctions* – which was filed on April 24, 2013 and after the motion for summary judgment and plaintiff's response to that motion had been filed – characterizes those responses as deficient and inadequate. However, plaintiff offers no evidence that his dissatisfaction with those responses was ever communicated to MCHS prior to the filing of the *Motion for Sanctions*.

Plaintiff seeks an award of costs and attorney's fees pursuant to Rules 37(a)(5)(A), 37(b)(2)(C) and 37(d)(3) in connection with MCHS's initial failure to provide substantive response to his discovery request and MCHS's later, allegedly insufficient, substantive responses. *Motion for Sanctions*, p. 8.[2]

MCHS contends that sanctions are not warranted because plaintiff's discovery motions were filed prematurely and because there has been no violation of a court order. MCHS also complains that

---

[2] Plaintiff also seeks default judgment, under Rule 37(b)(2)(A)(vi), for the alleged failure to provide substantive discovery responses. In light of the grant of summary judgment to defendants, the request for default judgment is now moot.

plaintiff failed to exhaust all extrajudicial means of resolving any discovery dispute, as is required by Fed. R. Civ. P. 37(a)(1) and 37(d)(1)(B). MCHS specifically complains that plaintiff failed to even articulate his dissatisfaction with its substantive discovery responses prior to filing the *Motion for Sanctions*. *Memorandum contra*, Doc. No. 54.

Rule 37 authorizes a motion to compel discovery when a party fails to provide proper response to an interrogatory under Rule 33 or to a request for production of documents under Rule 34. Moreover, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). However, the party moving to compel discovery must certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

As noted *supra*, plaintiff has not certified that he fully exhausted all extra-judicial means of resolving any dispute arising out of MCHS's March 27, 2013 substantive responses to plaintiff's discovery requests. As it relates to those responses, then, the *Motion for Sanctions* is without merit.

Plaintiff also seeks an award of sanctions in connection with the grant of his earlier *Motion to Compel*. An award of a movant's reasonable expenses, including attorney's fees, is ordinarily justified if a motion to compel discovery is granted. Fed. R. Civ. P. 37(a)(5)(A). However, an award of expenses is not appropriate if, *inter alia*, the opposing party's nondisclosure was substantially

3

justified or if other circumstances make an award of expenses unjust. *Id.*  The Court is vested with wide discretion in determining an appropriate sanction under Rule 37.  *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

The record establishes that counsel engaged in numerous discussions regarding plaintiff's discovery requests. The *Motion to Compel* simply asked that MCHS be required to provide substantive responses to the outstanding discovery requests rather than rely on its objections to those requests. MCHS contends that the filing of the *Motion to Compel* was premature in light of the parties' on-going discussions. The *Motion to Compel* was granted merely because it was unopposed and MCHS thereafter made substantive response to plaintiff's discovery requests.  Under all these circumstances, the Court concludes that an award of expenses and fees even in connection with the filing of the *Motion to Compel* is not justified.

In short, plaintiff's *Motion for Sanctions*, Doc. No. 50, is without merit and it is therefore **DENIED**.

October 1, 2013                                 *s/  Norah McCann King*
DATE                                            NORAH McCANN KING
                                                UNITED STATES MAGISTRATE JUDGE

4